**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-6403**

---

JERALD W. HUBBARD,

       Plaintiff - Appellant,

   v.

NURSE JOLLY, Augusta Correctional Center,

       Defendant - Appellee.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Robert S. Ballou, District Judge.  (7:24-cv-00899-RSB-PMS)

---

Submitted:  November 20, 2025           Decided:  November 25, 2025

---

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Jerald Hubbard, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerald W. Hubbard seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915A for failure to state a claim. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on January 17, 2025, and the appeal period expired on February 18, 2025. Hubbard filed the notice of appeal on February 25, 2025.[*] Because Hubbard failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny Hubbard's motion to appoint counsel and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Although Hubbard's notice of appeal contains several different dates, for the purpose of this appeal, we assume that the earliest date appearing on the notice of appeal is the earliest date Hubbard could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2